OPINION OF THE COURT
Charles E. Ramos, J.
This motion by the plaintiff (wife on her own behalf and as administratrix of her deceased husband’s estate) for partial summary judgment as to liability and assessment as to damages has been withdrawn in this action in which plaintiff Zenaida Oto is seeking to recover damages for personal injuries resulting in her paraplegia and her husband’s death *906 which were sustained while they were passengers in a motor vehicle owned and operated by defendant Ogtong, when during rainy stormy weather conditions, the vehicle struck a rock formation beside the road on May 3, 1987. Negligence of the driver is alleged to be the cause of the injuries and death. Defendant cross-moves for partial summary judgment, in effect declaratory judgment that his primary insurer (GEICO) was required to maintain $100,000 total coverage pursuant to Insurance Law § 3420 (f) (1).
The cross motion for partial summary judgment relates to the amount of insurance coverage. Defendant states that the primary insurance policy (which plaintiff has stated was tendered) issued by GEICO provides for coverage of $50,000 per person and $100,000 aggregate per accident. Plaintiff maintains that since two persons were injured and one died in the instant accident, the insurer is required by Insurance Law § 3420 (f) (1) to make $50,000 available for each injured person and an additional $50,000 available for the wrongful death. Plaintiff has obtained an opinion letter from a representative of the New York State Insurance Department to that effect, which defendant argues is in error. GEICO has offered the policy limits of $50,000 for wrongful death and a second $50,000 for both personal injury claims. An excess policy in the amount of $1,000,000 issued by Allstate Insurance Company is also in existence. Defendant seeks a determination that GEICO’s available policy limit of $100,000 is in compliance with Insurance Law § 3420 (f) (1).
Plaintiff submits a copy of defendant’s cover sheet for policy No. 978-14-36 showing the various coverages and premiums (among other things) indicating:
"Bodily Injury Liability each person/each occurrence $50,000/$100,000
"Additional Personal Injury Protection $100,000/$2,000 ML
"Uninsured Motorists Each Person/Each Accident $10,000/ $20,000.”
Plaintiff submits a letter from the Insurance Department of October 19, 1979 in support of the contention that in the instant case defendant’s insurer’s coverage should be $150,000. In that letter the Insurance Department indicated that due to the recent legislation (L 1979, ch 665) the required minimum coverage in motor vehicle coverage was increased from $10,000 to $50,000 for the death of one person and where there was more than one death, from $20,000 to $100,000 in any one *907 accident. The instant case involved a single vehicle, that was driven by defendant Ogtong and plaintiff states that the policy does not refer to death so that the legislative requirement of an additional $50,000/$100,000 for wrongful death was not met. Plaintiff also submits a letter of July 5, 1988 from the State of New York Insurance Department which opines that the total liability limit under defendant’s policy is $150,000. Plaintiff also submits various legislative materials in support of this contention.
The intent of the Legislature was to grant a minimum coverage of $50,000 in the event of death arising out of an auto incident. The position taken by GEICO is that because of the $100,000 limit of the policy, each injured party would receive a maximum of $25,000 each, with $50,000 to be paid on the death claim. Such a position is totally unsupported by the record or applicable law. The statutory minimum coverage is not to be made available at the expense of the contractual coverage of $50,000 for each injured party.
GEICO is required to have available a policy limit of $50,000 for each injured party up to a maximum of $100,000 for personal injuries and an additional $50,000 for wrongful death. The total policy limit in this instance is $150,000.
Accordingly, defendant’s cross motion is granted to the extent that this court finds that $150,000 is required to be available by the primary insurer; plaintiff’s motion for summary judgment as to negligence liability and for an assessment of damages is permitted to be withdrawn.